*927 MURPHY, Circuit Judge,
concurring.
I join the majority opinion but write separately to elaborate on why I believe Plaintiffs met their prima facie burden on their wrongful termination claims. All Star asserts, and Plaintiffs do not dispute, that after Plaintiffs were terminated, subcontractors performed the painting work previously performed by Plaintiffs. All Star argues that Plaintiffs, therefore, cannot demonstrate that their positions remained open after their discharge and thus cannot establish the fourth element of their prima facie case. All Star’s construction of the fourth element is far too narrow. As this court stated in Perry v. Woodward, “[t]he elimination of the position, however, does not necessarily eviscerate a plaintiffs claim that her discharge was racially motived.” 199 F.3d 1126, 1140 n. 10 (10th Cir.1999). Here, Plaintiffs demonstrated that after their discharge All Star had a continuing need for individuals to perform the same work previously performed by Plaintiffs. That the work was performed by subcontractors and not employees of All Star is immaterial for purposes of Plaintiffs’ prima facie burden. Accordingly, it is indisputable that Plaintiffs satisfied their prima facie burden as to their wrongful termination claims.